## COMMONWEALTH vs. THOMAS KALINOWSKI.

Norfolk. October 15, 1981. — December 24, 1981.

Present: GREANEY, PERRETTA, & KASS, JJ.

*Jury and Jurors*, Substitution of alternate juror. *Practice, Criminal*, Verdict. *Constitutional Law*, Double jeopardy. *Intoxication. Intent*.

At a criminal trial, no violation of the defendant's constitutional guaranty against double jeopardy, or of constitutional or statutory provisions governing jury trials, appeared in the substitution of an alternate juror to replace a juror who became ill during the jury's deliberations and in the judge's instruction to the jury that they "start the deliberations . . . from the beginning," notwithstanding the circumstance that the jury, as originally constituted, had apparently completed verdict slips signifying their agreement as to two of the three indictments before them. [829-831]

The defendant in a criminal case was not entitled to an instruction that the jury might consider his voluntary consumption of alcohol on the issue whether he had formed a specific intent to commit the offenses with which he was charged. [831-832]

INDICTMENTS found and returned in the Superior Court Department on July 14, 1980.

The cases were tried before *Hallisey*, J.

*Richard B. Kirby* for the defendant.

*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.

KASS, J.   Three indictments went to the jury: attempted larceny of a motor vehicle,[1] malicious injury to personal property, viz., a motor vehicle;[2] and assault and battery by means of a dangerous weapon.[3] Deliberations began on

---

[1] G. L. c. 274, § 6, and G. L. c. 266, § 28.

[2] G. L. c. 266, § 127.

[3] G. L. c. 265, § 15A.

December 17, 1980, and the jury adjourned at 5:00 P.M. without returning a verdict. The next morning a juror called in sick and the trial judge, without objection from either party, replaced the sick juror with one of the alternate jurors and instructed the jury to "start the deliberations right from the beginning." Later that day the jury sent a written question to the judge inquiring about the difference between attempted larceny and unauthorized use of a motor vehicle. The jury also requested new verdict slips for the indictment charging attempted larceny of a motor vehicle and the indictment charging malicious injury to personal property "because originals have already been dated 12/17/80 with a verdict and we now have alternate juror, requiring new votes."

The judge answered the jury's questions and instructed the clerk to provide the jury with fresh verdict slips. Later that day, shortly past noon, the jury returned verdicts of guilty on all three indictments. No objection was made to the acceptance of any of the verdicts by the court or to their recordation.

Four days after sentencing, the defendant moved to dismiss the indictments for attempted larceny of a motor vehicle and malicious injury to personal property. The stated ground for the motion was a theory of double jeopardy, i.e., that as to the indictments upon which the jury, as originally constituted, had agreed upon verdicts, the defendant had been subjected to two deliberations by reason of the jury starting deliberations from scratch with the alternate juror. This misconceives the principle of double jeopardy, which is that a defendant ought not to be required to submit to repeated efforts to convict and the consequent embarrassment, expense, ordeal and anxiety. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 681 (1978), and cases cited. The defendant here was not being put "twice to the bar." *United States* v. *Hotz*, 620 F.2d 5, 6 (1st Cir. 1980). No fundamentals of the constitutional right to a trial by jury as described in *Commonwealth* v. *Bellino*, 320 Mass. 635, 639, cert. denied, 330 U.S. 832 (1947), and commented upon in

*Commonwealth* v. *Haywood*, 377 Mass. 755, 768 (1979), are involved in the introduction of an alternate juror into deliberations. See also *Opinion of the Justices*, 360 Mass. 877, 883-884 (1971).

To the extent the defendant might have a valid objection, it would be that under G. L. c. 234, § 26B, a judge was without authority to allow indictments which had been voted upon by the jury as first constituted to be the subject of new deliberations with an alternate juror.

It may fairly be argued, and the Commonwealth does so, that the defendant did not timely object to reconsideration of the two indictments on which the jury as originally constituted seem to have acted.[4] There is reason to believe, however, that the request for fresh verdict slips, which appeared as a footnote to a request by the jury for additional instruction, became submerged in consideration by the judge and counsel of how the jury's questions concerning the applicable law might best be answered.

We proceed to inquire, therefore, if under G. L. c. 234, § 26B, a jury deliberating with a newly seated alternate juror should reconsider their verdicts on all counts against the defendant, even if the jury had previously come to agreement on some counts.

So far as material, G. L. c. 234, § 26B, as amended by St. 1967, c. 285, provides, "If, at any time after the final submission of the case by the court to the jury and before the jury has agreed on a verdict, a juror . . . becomes ill . . ." the court may seat an alternate juror who has heard the case and the jury "shall then renew its deliberations with the alternate juror." A verdict is not effective, even though it may have been agreed upon and reduced to writing, until the jury return to open court and, first, the foreman, as the

---

[4] The original verdict slips were destroyed and may as easily have been verdicts of guilty as not guilty. The indictment for malicious injury to property was placed on file after verdict upon motion of the assistant district attorney. Thus, as a practical matter, this appeal concerns only the indictment for attempted larceny of a motor vehicle.

spokesman for the jury, delivers the verdict by word of mouth, second, the clerk records the verdict on the back of the indictment, third, the clerk says to the jury: "'[H]earken to your verdict as the court has recorded it. You, upon your oaths, do say that the prisoner at the bar is guilty,' (or 'not guilty.') 'So you say, Mr. [or Madame] Foreman, and so . . . you all say.'" Then, fourth, the clerk proclaims the verdict as understood by the court. *Commonwealth* v. *Tobin*, 125 Mass. 203, 206-207 (1878). For this reason, even though a jury had come to an agreement and been permitted to separate for the night, the verdict so arrived at could not be received or recorded in a case where a juror refused to concur in the verdict decided upon when court reconvened the next morning. *Lawrence* v. *Stearns*, 11 Pick. 501 (1831). Affirmation in open court "is the only evidence the court can receive of the free and unanimous assent of the jury to the verdict." *Id.* at 502. See also *Rich* v. *Finley*, 325 Mass. 99, 105-106 (1949) (juror died after verdict was sealed in the evening, but before it was announced in court the next day); Nolan, Civil Practice §§ 811-819 (1975). Thus, our cases distinguish between agreement on a verdict, and return, receipt, and recording of a verdict.

These cases, however, antedate the introduction into the statute in 1967,[5] of the juror substitution mechanism. In the course of considering that provision in *Commonwealth* v. *Haywood*, 377 Mass. at 768, the court took note of the legislative purpose of avoiding a long and expensive retrial due to the disability of a juror, while protecting the defendant's right to a trial by jury. It would be inconsistent with the remedial purpose of the 1967 amendment to give it a narrow construction. See *Wynn* v. *Assessors of Boston*, 281 Mass. 245, 249 (1932). At least on the facts of the instant case, where the filling out of the verdict slips on two charges may have been tentative and where the jury had yet to arrive at a consensus on a portion of the charges against the defendant, we hold that the jury had not "agreed on a ver-

---

[5] By St. 1967, c. 285.

dict" within the meaning of the statute. We leave to another day the application of § 26B in a case where a juror is substituted and deliberations are permitted to resume following more complete consensus on all aspects of a case,[6] although it does not escape our attention that if, under the rule of *Lawrence* v. *Stearns, supra,* a verdict is without legal effect until announced orally in court, the jury proceedings are open and it would be contrary to the policy of § 26B to treat them as if they were closed.

Two other issues were raised on appeal. There is no merit to the defendant's argument that he was entitled to have the jury instructed that they might consider that he was too drunk to form a specific intent. The case is controlled by *Commonwealth* v. *Sheehan,* 376 Mass. 765, 774 (1978), and cases cited, which restated the rule in Massachusetts that voluntary consumption of alcohol itself "cannot warrant a finding of the absence of a specific criminal intent." *Id.* There was no evidence which warranted an instruction along the lines requested by the defendant, even if we were to read, as the defendant would have us do, certain dicta in *Sheehan* as leaving the door ajar to modifying the usual rule in cases of alcohol intoxication. The subject of *Sheehan* was drug intoxication. In the record of the instant case there is no clear indication of the influence of alcohol on the defendant's state of mind. Before he joined in an attempt to steal a car and then tried to ward off his pursuers with a screwdriver, the defendant had gone to a pub and said he was "kind of drunk when I went there."

---

[6] A parallel juror substitution provision in G. L. c. 234A, dealing with jury procedures in Middlesex County, does not contain the qualifying phrase "before the jury has agreed on a verdict" but permits the seating of an alternate juror "at any time after the submission of the case." See G. L. c. 234A, § 44. In this regard, the provision applicable in Middlesex resembles those of other States which allow substitution of a juror after submission of the case to the jury. See *People* v. *Collins,* 17 Cal. 3d 687, 693-694 (1976), cert. denied, 429 U.S. 1077 (1977); *State* v. *Miller,* 76 N.J. 392, 400 (1978); *Tanner* v. *State,* 242 Ga. 437, 438 (1978); Nev. Rev. Stat. c. 175.061. Compare Fed.R.Crim.P. 24(c).

There was no evidence that he had more to drink. It is at least apparent that the defendant and his friends were not through drinking since a reason the defendant gave for trying to steal a car was "to hit after-hours." The defendant's testimony was evidence of awareness and purpose.

No objection was made by the defendant to the content of a supplemental instruction on the elements of assault and battery by means of a dangerous weapon, which he now attacks on appeal. The objection here seems to have been that no additional instruction was necessary because the judge had already charged the jury correctly. At all events, the supplemental charge described the offense in accordance with *Commonwealth v. Appleby*, 380 Mass. 296, 303-307 & n.5 (1980). See also *Commonwealth v. Richards*, 363 Mass. 299, 303 (1973); *Commonwealth v. Tarrant*, 367 Mass. 411, 414-417 (1975).

*Judgments affirmed.*