COMMONWEALTH *vs.* OSCAR L. HARRIS.

Norfolk.   February 10, 1987. — March 25, 1987.   .

Present: GRANT, KAPLAN, & BROWN, JJ.

*Practice, Criminal,* Postconviction relief, Verdict, Sentence. *Jury and Jurors. Assault with Intent to Murder.*

A criminal defendant who moved, under Mass.R.Crim.P. 30(a), for correction of his sentence on the ground that he had been convicted of simple assault with intent to murder (G. L. c. 265, § 15) rather than armed assault with intent to murder (G. L. c. 265, § 18), and that the sentence he was serving exceeded the maximum of ten years permitted by G. L. c. 265, § 15, was not held to have waived any question as to the possible illegality of his sentence by not raising it on his earlier appeal. [691-692]

In determining whether a criminal defendant, indicted for armed assault with intent to murder (G. L. c. 265, § 18), had been convicted of that offense or of the lesser-included offense of simple assault with intent to murder, this court held that the jury's open and public verdict of guilty, given in response to the clerk's question which characterized the indictment as charging simple assault with intent to murder, was to stand as one of guilty of the lesser charge, and that the defendant was entitled to be resentenced as for that charge. [692-693]

INDICTMENT found and returned in the Superior Court Department on January 4, 1982.

After review by the Supreme Judicial Court, 395 Mass. 296 (1985), a motion for postconviction relief was considered by *Thomas E. Dwyer,* J.

*Scott P. Curtis* for the defendant.

*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.

GRANT, J. Early in 1982 a grand jury sitting in Norfolk County returned separate indictments against the defendant under the provisions of G. L. c. 265, § 18, as in effect prior

to St. 1981, c. 678, § 3[1] (no. 78253), and those of G. L. c. 265, § 15A, as in effect prior to St. 1981, c. 678, § 1 (no. 78255).[2] Indictment no. 78253 bore on its reverse the typed legend "265/15" and the printed inscription "ASSAULT WITH IN-TENT TO MURDER."[3] The docket for no. 78253 describes the offence charged as "ASSAULT WITH INTENT TO MUR-DER 265/15."

When he moved for trial, the prosecutor described the offence in no. 78253 as "assault with intent to murder."[4] The session clerk advised the venire that the defendant was charged with armed robbery, "assault with intent to murder," and assault and battery by means of a dangerous weapon. After the jury were selected and sworn, the clerk read all three indictments, including no. 78253, which charged that the defendant, "being armed with a dangerous weapon, to wit, a buck knife, did assault [named victim] with intent to murder her." At trial, there was evidence that the defendant had stabbed the victim several times with a sharp knife. The judge, in his charge, dealt first with the various elements of the offences of assault and battery by means of a dangerous weapon and of armed robbery. He then turned to the remaining indictment which, he told the jury, "alleges 'assault with intent to murder.' " He then read no. 78253, including the words "being armed with a dangerous weapon." He referred the jury to the definitions of

[1] "Whoever, being armed with a dangerous weapon, assaults another with intent to rob or murder shall be punished by imprisonment in the state prison for not more than twenty years."

[2] There were also companion indictments under the provisions of G. L. c. 265, § 17 (no. 78252), and the provisions of G. L. c. 265, § 14 (no. 78254). The defendant was acquitted on no. 78252, and no. 78254 was nol prossed prior to trial.

[3] General Laws c. 265, § 15, provides in relevant part: "Whoever assaults another with intent to commit murder . . . shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than two and one half years."

[4] There had been an earlier mistrial at which the prosecutor had described the offence as "armed assault with intent to murder", and the judge had referred to the offence as "assault with intent to murder."

an "assault" and a "dangerous weapon" which he had already given them on no. 78255. In the course of responding to a request by the jury for further instructions on the questions of "malice aforethought and intent," the judge reread the language of no. 78253 and instructed that the defendant had to have been armed with a dangerous weapon. At no point did the judge instruct on the subject of lesser included offences with respect to any of the indictments.

Shortly thereafter the jury returned with verdict slips on all three indictments. See Mass.R.Crim.P. 27(a), 378 Mass. 897 (1979). The slip for no. 78252 (armed robbery) had been marked on the line for "Not Guilty." The slip for no. 78255 (assault and battery by means of a dangerous weapon) had been marked on the line for "Guilty." The slip for no. 78253 described the offence charged as "Assault W/I Murder" and had been marked on the line for "Guilty." [5] The judge, to whom the slips were presumably shown, raised no question with the foreman as to whether the jury had found the defendant guilty of simple assault with intent to murder (G. L. c. 265, § 15) or armed assault with intent to murder (G. L. c. 265, § 18). See *Commonwealth* v. *Brown,* 367 Mass. 24, 28 (1975). The clerk made the following notation on the reverse of the indictment: "4/21/82 Jury Returns Verdict Guilty." The following sequence then occurred with respect to no. 78253: "THE CLERK. Members of the jury, what say you, Mr. Foreman, on Indictment No. 78253, *assault with intent to murder,* is the Defendant guilty or not guilty? THE FOREMAN. *Guilty* (emphasis supplied). THE CLERK. Members of the jury, harken to your verdict as the Court has recorded it. You upon your oath do say that the Defendant is 'guilty.' THE FOREMAN. Yes. THE CLERK. So say you, Mr. Foreman, so say all you members of the jury. THE JURY. Yes." No effort was made by anyone to clarify the question as to the offence of which the defendant had been convicted before the jury were discharged and its members dispersed. Contrast *Commonwealth* v. *Brown,* 367 Mass. at 27-29.

---

[5] The line for "Guilty of the lesser included offense(s) of:" had been left blank.

The prosecutor promptly moved for sentencing on nos. 78253 and 78255. The prosecutor recommended "on the armed assault with intent to murder, Nineteen to Twenty years, MCI Walpole." When the judge inquired whether he could impose a sentence of that length, the prosecutor responded, "It's armed assault with intent to murder, which is Chapter 265, Section 18A."[6] The judge replied, "The caption on the indictment is 265-15." The hearing on disposition was continued for approximately three weeks. When it resumed, the judge remarked that the defendant had been "found guilty on two charges of assault with intent to murder and assault and battery by means of a dangerous weapon." The prosecutor recommended a sentence of nineteen to twenty years "[o]n the armed assault with intent to murder." When the clerk announced the sentence on no. 78253, which he described as "the charge of assault with intent to murder," it was not less than nineteen nor more than twenty years at M.C.I., Walpole (now Cedar Junction). The defendant was also given a concurrent sentence of from nine to ten years for assault and battery with a dangerous weapon (no. 78255).

The defendant's appeal to the Appellate Division of the Superior Court was ultimately dismissed. His appeal to this court on the merits of his convictions was transferred to the Supreme Judicial Court on that court's initiative. The Commonwealth recited at the outset of its brief that "[t]hese are appeals from judgments of conviction of assault with intent to murder (no. 78253) (G. L. c. 265 Section 15) . . . and assault and battery by means of a dangerous weapon (no. 78255) (G. L.

---

[6] General Laws c. 265, § 18A, as appearing in St. 1969, c. 473, reads in pertinent part as follows: "Whoever, being armed with a dangerous weapon, enters a dwelling house and while therein assaults another with intent to commit a felony shall be punished by imprisonment in the state prison for life, or for a term of not less than ten years." All the evidence in this case was that the assaults occurred outdoors in the vicinity of an MBTA bus stop. If the prosecutor intended to refer to G. L. c. 265, § 18(*a*), inserted by St. 1981, c. 678, § 3, he would also have been in error because § 18(*a*) has no application on its face and did not take effect until after the date of the offences in this case.

c. 265 Section 15A) . . . ."[7] A perusal of the briefs on that appeal discloses that no question was raised as to the validity of the sentence on no. 78253. The court, at the outset of their opinion, said: "The defendant appeals from his convictions of assault with intent to murder and assault and battery by means of a dangerous weapon." *Commonwealth* v. *Harris,* 395 Mass. 296, 297 (1985). The opinion made no reference to the sentence on no. 78253. The rescript was, "*Judgments affirmed.*"

Several months after the issuance of the rescript the defendant, acting pro se under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), filed a motion in the Superior Court to correct the sentence on no. 78253 on the ground that he had been convicted of simple assault with intent to murder (G. L. c. 265, § 15) rather than armed assault with intent to murder (G. L. c. 265, § 18) and that his sentence of nineteen to twenty years exceeds the maximum of ten years permitted by G. L. c. 265, § 15. See notes 3 and 1, respectively, *supra.* The trial judge denied the motion without a hearing, and the defendant appealed. Mass.R.Crim.P. 30(c) (8), 378 Mass. 902 (1979).

We reject at the outset the Commonwealth's contention, based on *Commonwealth* v. *Pisa,* 384 Mass. 362, 366-367 (1981), that we should hold that the defendant has waived any question as to possible illegality of his sentence by not raising it on the earlier appeal.[8] The contention overlooks the language of Mass.R.Crim.P. 30(a), which is explicit that a convicted prisoner "may at any time, as of right, file a written motion

---

[7] We can and do take judicial notice of the contents of the original papers in the earlier case. *Flynn* v. *Brassard,* 1 Mass. App. Ct. 678, 681 (1974), *S.C.,* 4 Mass. App. Ct. 795 (1976).

[8] We are led to wonder whether the author of the Commonwealth's brief is sincere in advancing this contention. Anyone who has studied the record in this case cannot fail to conclude that most of the confusion as to the specific offence of which the defendant was convicted is traceable directly to the typed legend and the printed description on the reverse of the form of indictment employed by the district attorney's office. The author may also have failed to appreciate that if there is an error in the sentence and the error were to go uncorrected, the effect would be that the defendant would have to serve a minimum of six years more than the maximum sentence permitted by G. L. c. 265, § 15. See G. L. c. 127, § 133, as appearing in St. 1979, c. 266.

requesting the trial judge . . . to correct the sentence which he is then serving." See generally *Commonwealth* v. *Lupo,* 394 Mass. 644, 646-648 (1985); *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 14 & n.9 (1986). That aspect of the rule merely perpetuates the prior practice, although it substitutes a postconviction motion for a petition for a writ of error. See *Commonwealth* v. *Conroy,* 333 Mass. 751, 757 (1956).

The only question for decision is whether the defendant was convicted of simple assault with intent to murder (G. L. c. 265, § 15), for which the maximum sentence was and is ten years, or was convicted of armed assault with intent to murder (G. L. c. 265, § 18), for which the maximum sentence was twenty years. The parties, in their briefs, have rehearsed most of the instances already adverted to in which the prosecution, the trial judge or the Supreme Judicial Court used the words "assault with intent to murder" either alone or in contradistinction to the words "armed assault with intent to murder." The prosecution urges that the defendant was convicted of the more serious offence because the jury found him guilty on an indictment which charged him with "[having been] armed with a dangerous weapon" when he assaulted the victim. The defendant points to the fact the foreman of the jury answered "Guilty" in response to a question by the clerk in which he described no. 78253 as charging "assault with intent to murder." He also argues that both the foreman and the jury knew exactly what they were doing because the verdict slip recited that the indictment charged the defendant with "Assault W/I Murder," not "Armed Assault W/I Murder."

Although the question is not entirely free from doubt, we think the defendant has the better of it. Our law is clear that "[t]he only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury, and affirmed and entered of record, in the presence and under the sanction of the court." *Lawrence* v. *Stearns,* 11 Pick. 501, 502 (1831). See also *Commonwealth* v. *Tobin,* 125 Mass. 203, 206 (1878) ("[T]he verdict which determines the rights of the

parties, and is admitted of record, and upon which judgment is rendered, is the verdict received from the lips of the foreman in open court"); *Rich* v. *Finley,* 325 Mass. 99, 105-107 (1949); *A Juvenile* v. *Commonwealth,* 392 Mass. 52, 56-57 (1984); *Commonwealth* v. *Kalinowski,* 12 Mass. App. Ct. 827, 829-830 (1981); *Commonwealth* v. *Diaz,* 19 Mass. App. Ct. 29, 31 n.2 (1984); *Commonwealth* v. *Powers,* 21 Mass. App. Ct. 570, 574 (1986). Here it is true that the only word which passed the foreman's lips in response to the clerk's question as to the verdict on no. 78253 was "Guilty," but the meaning of that word has to be determined in light of the specific wording of the clerk's question, which characterized that indictment as one charging simple assault with intent to murder. We are of opinion that the verdict should be taken as one of guilty of that offence and no other.

The jurors cannot be asked to explain why they returned the verdict they did. *Commonwealth* v. *Fidler,* 377 Mass. 192, 196, 198-199, 201 (1979). If they made a mistake in the verdict on no. 78253, the mistake cannot be corrected now.[9] *Commonwealth* v. *Brown,* 367 Mass. at 27-29. The verdict on that indictment must stand as one of guilty of the lesser included offence (G. L. c. 278, § 12) of simple assault with intent to murder. As the sentence imposed was in excess of the ten-year maximum permitted by G. L. c. 265, § 15, it cannot stand. Accordingly, the sentence on no. 78253 is vacated, and the defendant is to be resentenced on that indictment (*Katz* v. *Commonwealth,* 379 Mass. 305, 316 [1979]), as for a simple assault with intent to murder under G. L. c. 265, § 15.

*So ordered.*

---

[9] There may have been no mistake in the verdict. It was open to the jury to find that the defendant had committed an unarmed assault on the victim immediately prior to the armed assault relied on by the prosecution to support the indictment. It is true that the jury recognized the existence of a knife in their verdict of guilty of assault and battery by means of a dangerous weapon, but at the same time they acquitted on the charge of armed robbery.