COMMONWEALTH vs. WARREN E. TAYLOR, THIRD.

No. 91-P-1257.

Plymouth. October 14, 1992. - December 3, 1992.

Present: PERRETTA, FINE, & GILLERMAN, JJ.

Rape. Jury and Jurors. Practice, Criminal, Deliberation of jury. Evidence, Fresh complaint, Prior consistent statement.

At a criminal trial governed by G. L. c. 234A, § 39, the judge acted within his discretion in empaneling an alternate juror in place of a juror who did not appear at the time appointed for resumption of the jury's deliberations. [656-658]

At a rape trial, testimony by two witnesses, a police officer and an employee of the Department of Social Services, concerning the victim's statements to them was properly admitted for purposes of corroborating the victim's testimony, irrespective of the requirements of the fresh complaint doctrine, where defense counsel had used the statements to discredit her testimony during cross-examination. [658-659]

INDICTMENT found and returned in the Superior Court Department on July 17, 1989.

The case was tried before *Robert W. Banks*, J.

*William R. Hill, Jr.*, Committee for Public Counsel Services, for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. In 1986, and until sometime in 1987, Helen Jones,[1] then aged six, lived at home with her mother, her younger sister and her mother's second husband, the defendant. As a result of the events described below, the defendant was convicted by a jury of the rape of Helen, a child under the age of sixteen. The defendant appeals, claiming error when the judge discharged an empanelled juror who did

---

[1] All names, other than that of the defendant, are fictitious.

not appear for juror service, and when the judge admitted certain hearsay testimony. We affirm.

As to the first claim of error, the facts were these. After two alternate jurors were selected, the jury of twelve began their deliberations at 11:40 A.M. on Friday, August 31, 1990. At 4:15 P.M. they were excused until 9:00 A.M. Tuesday morning. On Tuesday morning, the jury and the judge waited for two hours for a juror who had not reported for duty. At about 11 A.M. the judge was told by his clerk that the absent juror had called from her doctor's office to say that she was still waiting to be seen, and that after she saw the doctor she would have to go to the hospital for medication. The judge then told counsel that the juror would not appear until sometime in the afternoon, but even that was "purely speculative." Thereupon, the judge, over the defendant's objection, proceeded to substitute an alternate juror for the missing juror. He informed the jury of what had happened and carefully instructed them to begin their deliberations anew. The jury returned a guilty verdict at 2:30 P.M. that day.

On appeal, the defendant argues that the judge, in discharging an absent, deliberating juror without holding a hearing or establishing good cause, abused his discretion and thereby deprived the defendant of his right to a fair trial. Secondly, the defendant argues that the testimony of each of two witnesses, Laura Perry of the Department of Social Services (DSS) and a Brockton police officer, was admitted incorrectly as fresh complaint testimony.

1. *Replacement of the deliberating juror.* Whether the judge abused his discretion by replacing a juror who did not appear for deliberations is governed by G. L. c. 234A, § 39, which is applicable to the defendant's trial in Plymouth County, see *Commonwealth* v. *Ptomey*, 26 Mass. App. Ct. 491, 495 (1988); G. L. c. 234A, § 1, and not, as the defendant claims, by G L. c. 234, § 26B.[2] General Laws

---

[2]General Laws c. 234, § 26B (1990 ed.), allows for substitution of a deliberating juror if: "a juror dies, or becomes ill, or is unable to perform his duty for any other good cause shown to the court."

c. 234A, § 39 (1990 ed.), states, in pertinent part: "The court shall have the discretionary authority to dismiss a juror at any time in the best interests of justice. The court shall have the authority to excuse and discharge an impanelled juror prior to jury deliberations after a hearing upon a finding of extreme hardship. The court shall have authority to excuse and discharge a juror participating in jury deliberations after a hearing only upon a finding of an emergency or other compelling reason. *The court shall have authority to discharge an impanelled juror who has not appeared for juror service upon a finding that there is a strong likelihood that an unreasonable delay in the trial would occur if the court were to await the appearance of the juror*" (emphasis added).[3]

Section 74 of the same chapter provides, inter alia, that no irregularity in discharging a juror shall be a sufficient cause to set aside a verdict unless the objecting party "has been specially injured or prejudiced thereby."

The judge did not abuse his discretion. The final, emphasized sentence in the quoted portion of § 39 is a specific grant of discretionary authority to the trial judge to deal with the problem of an absent juror. While the next preceding sentence in § 39 requires the judge to hold a hearing, that sentence presumes the availability and participation of the juror in the hearing, the purpose of which is to determine whether there exists an emergency or other compelling reason, personal to the juror, for his or her discharge. The last quoted sentence, on the other hand, controls those cases which involve a juror who, during a trial or in the midst of deliberations, fails to appear for duty. In this latter event, the judge need only gather such information from available sources as is necessary for the judge to determine, in his or her discretion, whether there exists a "strong likelihood" of an unreasonable delay in the trial caused by the absent juror.

---

[3]General Laws c. 234A, §§ 1-80, were inserted in 1982, three years after the Supreme Judicial Court in *Commonwealth* v. *Haywood*, 377 Mass. 755 (1979), construed the provisions G. L. c. 234, § 26B, to require a hearing. Chapter 234A was made applicable to Middlesex County, and other counties designated by the Supreme Judicial Court. As noted in the text, Plymouth County was so designated.

Here, the judge acted within his authority when, after receiving a detailed report from the clerk, he determined that the jury, which had been sitting from 9 A.M., and would otherwise have to be held until some indefinite time, should be held no longer.

Moreover, there was no showing of any prejudice to the defendant. The alternate juror heard all the evidence, and the judge carefully instructed the jury to "begin your deliberations anew."

2. *Admission of the "fresh complaint" testimony of Laura Perry and Officer Lee Kendrick.* We consider next whether the judge properly admitted the fresh complaint testimony of two witnesses, Laura Perry of the Department of Social Services (DSS) and a Brockton police officer. The defendant claims that the statements were not reasonably prompt because they were not made until eleven and fourteen months, respectively, after Helen first told her mother. Helen, who was nine and one-half years old at the time of trial, testified that the defendant "did sex" to her when the family lived together in Brockton. On direct examination, Helen described the defendant's actions in detail. On cross-examination, defense counsel attacked the credibility of Helen by repeatedly highlighting the inconsistencies in her story, comparing her testimony on direct examination to pretrial statements given by Helen to Perry of DSS and to the Brockton police officer. In pursuit of this strategy, it was the defendant who called and examined Perry with regard to certain statements Helen made to her which were inconsistent with Helen's trial testimony.

In response to this attack on the credibility of Helen, the Commonwealth, in its cross-examination of Perry, and in the direct examination of the police officer, offered all or substantially all of Helen's statements to Perry and to the police officer. The defendant objected; the judge ruled the evidence admissible under the fresh complaint doctrine, but limited to corroboration of Helen's testimony. We conclude that, apart from the rules surrounding the doctrine of fresh complaint, see *Commonwealth* v. *Licata*, 412 Mass. 654, 656-660

(1992); *Commonwealth* v. *Scanlon*, 412 Mass. 664, 673-675 (1992); *Commonwealth* v. *Dion*, 30 Mass. App. Ct. 406 (1991); *Commonwealth* v. *Gardner*, 30 Mass. App. Ct. 515 (1991); *Commonwealth* v. *Hyatt*, 31 Mass. App. Ct. 488 (1991), the evidence was admissible under traditional evidentiary rules.[4]

We have previously written that "[t]here is one situation where evidence of a statement by a victim of a sexual assault may be admissible even though the complaint was not reasonably prompt. If defense counsel uses the victim's statement to discredit her testimony during his cross-examination, a witness to whom the victim has given the statement may testify to its contents even though the victim's complaint of the incident was not reasonably prompt." *Commonwealth* v. *Gardner*, *supra* at 524 n.5. This principle is derived from the more general rule that prior consistent statements of a witness, whose credibility has been attacked on the ground that his or her in-court statements were a recent contrivance, may be admitted, at least on the issue of credibility of the witness. See Liacos, Massachusetts Evidence 168 (5th ed. 1981). Compare Proposed Mass.R.Evid. 801(d)(1) (prior statements of a witness which are admissible under this rule are not hearsay). The purpose of the *Gardner* rule is to permit the in-court testimony of the witness to be placed in context, see *Commonwealth* v. *Hoffer*, 375 Mass. 369, 376 (1978), and in this case it permits the introduction of Helen's statements to the Brockton police officer and to Perry regardless of the promptness of those statements. See also *Commonwealth* v. *Lagacy*, 23 Mass. App. Ct. 622, 631 (1987).

*Judgment affirmed.*

---

[4]An appellate court "may affirm a ruling below on a ground not relied upon by the judge." *Barry* v. *Commonwealth*, 390 Mass. 285, 299 n.18 (1983). See also *Beeler* v. *Downey*, 387 Mass. 609, 613 n.4 (1982), and cases cited.