COMMONWEALTH vs. HECTOR ANDINO
(and a companion case[1]).

No. 92-P-711.

Hampden. March 9, 1993. - April 30, 1993.

Present: PERRETTA, FINE, & JACOBS, JJ.

*Practice, Criminal*, Verdict. *Receiving Stolen Goods. Motor Vehicle*,
   Theft.

A criminal defendant was not entitled to a reversal of his conviction of
   receiving a stolen motor vehicle as charged in the indictment, reflected
   in the verdict slip, and recorded by the clerk, by reason of the jury's
   public affirmation of the clerk's inquiry whether the defendant was
   guilty of "receiving stolen property," where, in the circumstances of the
   case, there was no possibility that recording a verdict of guilty of the
   offense charged was a mistake. [427-428]

INDICTMENTS found and returned in the Superior Court
Department on September 28, 1990.

The cases were tried before *Charles R. Alberti*, J.

*Peter M. Onek*, Committee for Public Counsel Services,
for Hector Andino.

*Judith Ellen Pietras*, Assistant District Attorney, for the
Commonwealth.

*Elda S. James*, for Confessor Andino, joined in a brief.

FINE, J. Hector Andino and Confessor Andino were tried
together in the Superior Court on indictments charging each
of them with receiving a stolen motor vehicle. G. L. c. 266,
§ 28. Both defendants were convicted and sentenced to terms
in State prison. Hector[2] principally contends on appeal that a

---

[1]Commonwealth *vs.* Confessor Andino.
[2]We refer to the defendants by their first names only to avoid confusion
between them.

slip of the tongue by the clerk in the course of taking the jury verdict renders his conviction a nullity.

Evidence was presented at trial that both defendants were present in a recently stolen motor vehicle, the ignition of which had been pulled out, and that both fled when the police approached the vehicle. Throughout the trial, and in his charge, the judge referred to the language of the indictment as "receiving a stolen motor vehicle" and "receiving stolen property" interchangeably, although they are separate offenses with different penalties.[3] The evidence, arguments, and instructions were presented in such a way that no reasonable juror could have been confused about the fact that only one indictment involving each of the defendants was before the jury, and that it charged receiving a stolen motor vehicle.[4] The judge instructed the jury that they could consider, in the case of each defendant, a possible verdict of guilty of the lesser included offense of using an automobile without authority. G. L. c. 90, § 24(2)(*a*). The verdict slips handed to the clerk when the jury completed their deliberations indicated that they found each defendant guilty of receiving a stolen motor vehicle as charged in the indictment.

The colloquy between the clerk and the jury was as follows:

> THE CLERK: ". . . [H]as the Jury reached its verdict?"
>
> THE FOREMAN: "We have."
>
> THE CLERK: "Would you hand the verdict slips to the Court Officer, please. Mr. Foreman, ladies and gentlemen of this Jury, hearken to your verdict as this Court

---

[3]The maximum sentence for receiving a stolen motor vehicle under G. L. c. 266, § 28, is fifteen years in State prison or two and one-half years in a house of correction, or a $15,000 fine, or both the fine and imprisonment. The maximum sentence for receiving stolen property under G. L. c. 266, § 60, is five years in State prison or two and one-half years in a house of correction, or a $250 fine.

[4]We do not agree with Hector that occasional references in the evidence to items of personal property left in the vehicle by the owner made the possession of stolen property other than the motor vehicle a live issue at trial.

will record them. You, upon your oaths, find that this Defendant, Confessor Andino, to Indictment Number 90-4577, charging receiving a stolen motor vehicle, is guilty. To Indictment 90-4579, charging this Defendant, Hector Andino, charging him with the crime of *receiving stolen property*, you find that he is guilty. So say you, Mr. Foreman?" (Emphasis added.)

THE Foreman: "Yes."

THE CLERK: "So say you all, ladies and gentlemen of this Jury?"

(The jury answers in the affirmative.)

THE CLERK: "Do you all say they are guilty?"
(The jury answers in the affirmative.)

THE CLERK: "Have both of your verdicts been unanimous?"

(The jury answers in the affirmative.)

The verdicts reflected on the verdict slips were recorded, and the jurors were discharged.

Hector relies on a long line of cases applying the following rule: "The only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury, and affirmed and entered of record, in the presence and under the sanction of the court. . . . Such an affirmation is the only evidence the court can receive of the free and unanimous assent of the jury to the verdict." *Lawrence* v. *Stearns*, 11 Pick. 501, 502 (1831). Accord *Rich* v. *Finley*, 325 Mass. 99, 105-106 (1949) (where jury reached agreement, but one juror died before verdict was announced in open court, there was no valid verdict); *A Juvenile* v. *Commonwealth*, 392 Mass. 52, 56-57 (1984) (where verdict slips showed entries of not guilty, but jurors notified the judge in open court that they were deadlocked, the defendant was not entitled to a finding of not guilty.); *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570 (1986) (where verdict slips recorded not guilty

verdicts, but jury twice publicly affirmed guilty verdicts, guilty verdicts should have been accepted); *Commonwealth* v. *Morgan*, 30 Mass. App. Ct. 685, 696 (1991) (where verdict slips indicated guilty verdicts on four charges of armed robbery, but clerk neglected to ask jury publicly for verdict on fourth charge, verdict on that charge was a nullity).

The case applying the rule which is closest on its facts to the instant one is *Commonwealth* v. *Harris*, 23 Mass. App. Ct. 687 (1987). In that case, the defendant was tried on an indictment charging armed assault with intent to murder. The clerk, prosecutor, and judge referred to the charge before the jury sometimes correctly and sometimes as "assault with intent to murder." No instruction was given to the jury that they could return a verdict of assault with intent to murder, a lesser included offense within the offense charged in the indictment. The jury returned with a verdict slip marked "guilty" of "assault with intent to murder." In open court, the clerk asked the foreman what the verdict was on the indictment charging "assault with intent to murder," and the foreman answered, "Guilty." Judgment was then entered against the defendant on the offense charged in the indictment, and he was given a sentence that exceeded the maximum permissible sentence for simple assault with intent to murder. Relying on *Lawrence* v. *Stearns*, this court held that the verdict could stand only as to the lesser included offense of simple assault with intent to murder. Although "the only word which passed the foreman's lips in response to the clerk's question as to the verdict . . . was 'Guilty,' . . . the meaning of that word has to be determined in light of the specific wording of the clerk's question, which characterized that indictment as one charging simple assault with intent to murder." *Id.* at 693.

As a safeguard against mistakes, and to assure that the public has confidence in the administration of justice, the rule on which Hector relies has been applied strictly, on occasion with the effect of defeating a jury's probable intent. Some limits have been recognized, however. Thus, in *Commonwealth* v. *Judd*, 2 Mass. 329, 334 (1807), a jury verdict

announced in open court was later amended to add technical words. The court reasoned: "As the jury cannot inquire into the truth of any facts but those which are comprised in the issue, it must necessarily be intended that whatever facts they find are according to the allegations of the indictment, unless a different intention can be inferred from the verdict." And, in *Commonwealth* v. *Brown*, 367 Mass. 24, 27 (1975), where not guilty verdicts were affirmed in open court and recorded, the jurors were discharged, and they returned a few minutes later to inform the judge that those verdicts did not reflect their agreed determination, it was held that the judge, having found no intervening influences on the jurors, properly corrected the verdicts to reflect the agreed determination.

The unusual facts of this case also merit an exception to the rule. The evidence, arguments, and instructions at trial related to a particular stolen motor vehicle; a motor vehicle is a form of property; and the judge often used the word "property" as an alternate way of referring to the vehicle. The jury could not have been expected to know that receiving a stolen motor vehicle and receiving stolen property constituted two separate offenses. Moreover, the fact that there was an instruction on using an automobile without authority as a lesser included offense further indicates that the jury's attention was focused exclusively on the motor vehicle. Further, when the clerk used language consistent with the indictment when asking for the verdict against Confessor, the jury answered, "Guilty," even though the evidence against each defendant was similar and the instructions on the law as to each defendant were the same. Finally, the verdict slip, if not of binding legal significance, is at least evidence of the jury's intended verdict as to Hector. See Mass.R.Crim.P. 27(a), 378 Mass. 897 (1979).

The instant facts present a stronger case for an exception to the rule than those in *Commonwealth* v. *Harris*, *supra*. Whereas the verdict slip in *Harris* was consistent with the verdict affirmed by the jury in open court, the verdict reflected on the slip here differed from the verdict announced in open court. Whereas the verdict affirmed by the jury in

*Harris*, of guilt of a lesser included offense within the offense charged, was consistent with the evidence, in this case a verdict of guilty of receiving stolen property could not reasonably have been reached. Thus, there was a possibility in *Harris*, but not in the instant case, that recording a verdict of guilty of the offense charged was a mistake. Finally, this court described the question in *Harris* as "not entirely free from doubt." 23 Mass. App. Ct. at 692.

Both Hector and Confessor make the further argument on appeal that certain language used by the judge in his instructions on drawing inferences was improper. Considering the charge as a whole, we find no error.

*Judgments affirmed.*