COMMONWEALTH *vs.* ARTHUR M. LEATE.

Suffolk. December 7, 1971. — March 7, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Appeal, New trial, Assistance of counsel, Fair trial.

Where, after conviction of murder in the second degree and affirmance of that conviction on appeal, motions by the defendant for a new trial were denied by the Superior Court judge who presided at the defendant's trial, G. L. c. 278, § 33E, required the defendant to file a motion before a single justice of the Supreme Judicial Court for leave to appeal the Superior Court judge's rulings. [348–349]

Where a motion for a new trial of a criminal case is based on a recantation by a material trial witness, the trial judge must give grave consideration to the credibility of the witness's new testimony; the motion is addressed to the trial judge's sound discretion; and he is not obliged to believe the witness's affidavit of recantation. [349–350]

No abuse of discretion appeared in denial of a motion for a new trial of a criminal case based on an affidavit of recantation by a material witness which the judge stated he did not believe. [350]

There was no merit in a contention made by the defendant on a motion for a new trial of a criminal case, that he had been denied effective assistance of counsel by reason of advanced age and physical infirmities of his trial counsel where the judge found that his counsel had been "professionally highly competent in the discharge of his duties" despite "a few minor physical difficulties." [350]

On a motion for a new trial of a criminal case, the judge did not abuse his discretion in rejecting a contention by the defendant that incompetence of his counsel allowed the jury to hear unfair and inadmissible evidence where a bad conduct discharge from the service was brought out on cross-examination of the defendant only after he had testified on direct examination that he had served in the Army, and other evidence complained of by him was merely cumulative, and where such matters were dealt with by the trial judge in his charge to the jury. [350–351]

INDICTMENT found and returned in the Superior Court on September 28, 1965.

Motions for a new trial were heard in the Superior Court by *Vallely*, J.

A motion for leave to appeal was heard in the Supreme Judicial Court for the county of Suffolk by *Cutter*, J.

*Cortland A. Mathers* for the defendant.

*Brian E. Concannon*, Assistant District Attorney, for the Commonwealth.

HENNESSEY, J. In 1966 Leate was convicted of murder in the second degree. The conviction was later affirmed by this court on appeal. *Commonwealth* v. *Leate*, 352 Mass. 452. Subsequently motions for a new trial were denied, after a hearing, by the Superior Court judge who presided at the trial. Leate claimed exceptions to the denial of these motions and to the judge's denial of certain requests for rulings filed by him at the hearing on the motions. A justice of this court, presiding in the county court, denied Leate's motion for leave to appeal to this court the rulings of the Superior Court judge.

The single justice concluded that no "new and substantial question" was presented "which ought to be determined by the full court." G. L. c. 278, § 33E.

Leate is before us on a bill of exceptions as to the rulings of the Superior Court judge, and as to the aforementioned ruling of the single justice. The single justice also made a ruling, which we conclude was correct, that despite the amendment (re new trials "at any time") of G. L. c. 278, § 29, by St. 1966, c. 301, the last sentence of G. L. c. 278, § 33E, is still applicable, and that the motion before the single justice, for leave to appeal to this court, was necessary in this case.

1. There was no error in the ruling by the single justice, in the county court, that no new and substantial question was presented by Leate which ought to be determined by the full court. In reaching this conclusion we have necessarily reviewed the several grounds for a new trial as urged by Leate in the Superior Court, together with the evidence presented by Leate in support of those grounds, and the related rulings of the Superior Court judge. The rulings of that judge, likewise, were without error.

2. Leate offers the affidavit of one Geraldine West, who was called by the Commonwealth at the trial of the indictment, and testified as an eyewitness to the homicide. Her affidavit contains a version of her observations at about the time of the homicide which is significantly different from her testimony at the trial, and somewhat more favorable to the defendant in some particulars.

In consideration of the affidavit of the witness, we observe that "[u]pon a motion for a new trial based on recantation by a material witness, the duty of the trial judge is to give grave consideration to the credibility of the witness's new testimony" and that "the motion is addressed to his sound judicial discretion." *Commonwealth* v. *Robertson*, 357 Mass. 559, 562. *Commonwealth* v. *Cassesso*, 360 Mass. 570, 575. In the case before us, the judge found: "I do not credit the statements contained in the affidavit [of Geraldine West]." The judge

was not obliged to believe the affidavit, and the possibility that the new statement of the witness might affect the result does not require a new trial. No abuse of discretion by the judge is shown with regard to his refusal to grant a new trial by reason of the affidavit which he did not believe. See *Commonwealth* v. *De Cristoforo*, 360 Mass. 531, 542–543.

3. Leate contends that he was denied the effective assistance of counsel in that his lawyer was seventy-two years of age, with deficiencies of sight, hearing and memory at the time of trial. He further alleges that this lawyer had failed to interview three available principal witnesses before they testified at the trial, and in other respects was incompetent in the preparation for trial, and in the trial of the case.

The judge rejected the defendant's contention that the counsel for the defendant did not, by reason of age and infirmity, render effective assistance to the defendant. The judge obviously drew upon his own observations at the trial as he found that counsel "in spite of a few minor physical difficulties such as inability to see certain records on a chart, was extremely alert, aggressive, learned and professionally highly competent in the discharge of his duties as trial counsel." He further found: "I do not credit the statement of the defendant that this highly skilled lawyer never discussed with the defendant what the testimony of the defendant was to be prior to his being called as a witness." No abuse of discretion is shown in these findings.

4. Leate also argues that inadmissible and damaging evidence was introduced against him during the prosecution's cross-examination of Leate without objection by his lawyer. The most critical of this evidence, Leate argues, was (a) that Leate fathered an illegitimate child, (b) that Leate was discharged from the service with a bad conduct discharge, and (c) that the defendant's wife was the person upon whom he had committed an assault and battery and that she was pregnant at the time.

In rejecting Leate's contention that, by reason of the

alleged incompetence of his lawyer, the jury were allowed to hear unfair and inadmissible evidence, the judge found that the evidence concerning Leate's bad conduct discharge was mentioned in cross-examination only after Leate in his direct testimony had stated that he had served in the United States Army. Further, the judge found that the other points of evidence raised by Leate, concerning his fathering an illegitimate child and committing an assault and battery on his pregnant wife, were cumulative of other evidence as to the same matters. The judge also ruled that the points of evidence now complained of were adequately dealt with in his charge to the jury. There was no abuse of discretion in the judge's refusal to grant a new trial as to these matters for the reasons stated by him. See *Commonwealth* v. *Libby*, 358 Mass. 617, 620–621. Further, we believe that the judge who presided over the trial can best determine the probable effect, upon the jury who decided the case, of evidence which was admitted but which might have been excluded upon objection. Among other considerations, the judge may properly consider in appropriate instances that immaterial and irrelevant evidence frequently is admitted without objection by skilled trial lawyers, who may act from various tactical motives, for the supposed advantage of their clients. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 26–27.

5. The judge refused to credit Leate's further claim that house of correction personnel administered drugs which affected Leate's awareness and demeanor before the jury. The credibility of this testimony was for the judge to determine, and no abuse of discretion is shown.

6. Leate also argues that pre-trial newspaper publicity so prejudiced the jurors as to deprive him of a fair trial. The judge found that no evidence was offered before him that any juror was prejudiced by newspaper articles, and no evidence was offered that any juror read the articles. Again, no abuse of discretion is shown in these findings and rulings.

*Exceptions overruled.*