COMMONWEALTH vs. CARMELO RODRIQUEZ CARBALLO.

Middlesex.   April 8, 1980. — July 29, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Homicide.   Practice, Criminal,* Instructions to jury, Capital case.

At a murder trial, there was no prejudicial error in the judge's charge
with respect to reasonable doubt even though it included the warning
that holding the Commonwealth to too strict a burden of proof
"would be wholly impractical, and would break down the forces of
law and order, and make the lawless supreme." [228-229]
At a murder trial, a portion of the judge's instructions, in which he used
examples of decisions that people make in their everyday lives to re-
mind the jurors that the skills they use every day to draw reasonable
inferences and assess credibility were the same skills they would use to
decide questions of fact, did not trivialize the burden of proof required
of the Commonwealth. [229-230]
At a murder trial, there was no error in the judge's instructions with
respect to self-defense, reasonable provocation, or excessive force.
[230]

INDICTMENT found and returned in the Superior Court on
August 15, 1974.

The case was tried before *Hallisey*, J., and motions for a
new trial were heard by him.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*William J. Buckley* for the defendant.

*Susan A. Ghetti,* Legal Assistant to the District Attorney,
for the Commonwealth.

BRAUCHER, J.   By an August, 1974, indictment, the de-
fendant was charged with murder in the first degree in con-
nection with the death of Bienvenido Oquendo.   A jury
found him guilty of murder in the second degree, and he
was sentenced to life imprisonment.   On February 4, 1976,
the defendant filed a motion for a new trial based on the

recantation of one of the Commonwealth's witnesses. After
a hearing, that motion was denied on May 25, 1978. A sec-
ond motion for a new trial was filed on August 22, 1978, on
the ground that the instructions on self-defense and reason-
able doubt were constitutionally inadequate. The motion
was denied on October 2, 1978. The defendant's appeal
was entered in the Appeals Court on July 18, 1979. The Ap-
peals Court affirmed the conviction. 9 Mass. App. Ct. 57
(1980). We granted the defendant's application for further
appellate review to assess the adequacy of the instructions
and to accord the defendant the special review we have held
he is entitled to under G. L. c. 278, § 33E, for a conviction
of second degree murder on an indictment for first degree
murder for an offense committed before July 1, 1979. See
*Commonwealth* v. *Davis*, 380 Mass. 1, 12-17 (1980). We
have reviewed the record and find no reason for disturbing
the conviction.

We briefly summarize the evidence. At approximately
1 A.M., July 5, 1974, the defendant, standing across the
street from the victim, shot him with a sixteen-gauge shot-
gun. The victim was hit in the abdomen and taken to a
hospital where he died at 11:35 P.M. the same day. The sole
issue at trial was whether the shooting had been done in
self-defense or under other circumstances sufficient to
mitigate the offense. The defendant testified that the vic-
tim was pointing a gun at him and that he shot the victim
when the victim made a threatening movement toward him.
His testimony was corroborated by three defense witnesses.
The Commonwealth presented the testimony of three wit-
nesses that the victim did not have a gun. The defendant's
gun was the only gun found in a search of the area.

Although the defendant took no exceptions to the charge
at trial, we have considered the defendant's challenges to
the jury instructions as part of our statutory duty under
§ 33E. The defendant argues that the charge failed to
define the concept of reasonable doubt properly and that it
"both implicitly and explicitly shifted the burden of proof as
to the elements of the charged crime, including that of

unlawfulness — here the absence of self-defense." The defendant's first challenge is to the use of language from *Commonwealth* v. *Madeiros*, 255 Mass. 304, 307-308 (1926), which warns that holding the Commonwealth to too strict a burden of proof "would be wholly impractical, and would break down the forces of law and order, and make the lawless supreme." We criticized the use of such a one-sided warning in *Commonwealth* v. *Williams*, 378 Mass. 217, 232-235 (1979). We upheld the conviction in the *Williams* case because, considered as a whole, we could not conclude "that the judge's instructions could have caused the jury to convict on a lesser standard than proof beyond a reasonable doubt." *Id.* at 234-235. Preceding the challenged warning, the judge in the present case charged in detail about the presumption of innocence and stressed its importance to our system of justice. He repeatedly charged that the Commonwealth bore the burden of proof and used the term moral certainty to explain the required strength of the jury's convictions. We cannot conclude that the jury were allowed to convict on a standard less than proof beyond a reasonable doubt.

The defendant's next challenge concerns the judge's instruction that the jurors use their "experience in life and the techniques you use all the time in deciding what you believe and what you don't believe — all the way from cross-examining one of our teen-age children who came home too late from the prom to deciding what stock you are going to buy, whether you are going to buy a used car or not. This is one of the big reasons you are here — that you have developed sophistication through your experience in life, and you apply that to the testimony you have heard." We have repeatedly criticized the use of decisions that people make in their everyday lives to illustrate the degree of certainty needed for proof beyond a reasonable doubt. See *Commonwealth* v. *Ferreira*, 373 Mass. 116, 128-130 (1977). That criticism does not extend, however, to reminding jurors that the skills they use every day to draw reasonable inferences and assess credibility are the same skills they will use to decide ques-

tions of fact. These instructions did not trivialize the burden of proof required of the Commonwealth.

The defendant's challenges to the instructions on self-defense, reasonable provocation and excessive force are similarly without merit. The judge instructed the jury that they could find the defendant guilty of murder in the first or second degree, guilty of manslaughter or not guilty, and he fully charged on the elements of each. At the conclusion of his charge on murder and malice aforethought, the judge charged, "So much for malice aforethought, which means murder." After charging on the factors that give rise to self-defense or would constitute excessive force and reasonable provocation, he charged, "The burden of proof is on the Commonwealth to persuade you that this was not a situation of self-defense adequate to warrant a verdict of not guilty, that it was at least manslaughter; and they have the burden of persuading you that it was murder in the first or second degree." Contrast *Commonwealth* v. *Stokes,* 374 Mass. 583, 592 (1978). Isolated language that "if you find" or "it must appear" that the killing was done in self-defense did not impermissibly shift the burden of proof to the defendant. See *Connolly* v. *Commonwealth,* 377 Mass. 527, 533-537 (1979). The judge clearly placed the burden on the Commonwealth to prove malice beyond a reasonable doubt and made it clear to the jury that malice and self-defense are mutually exclusive. *Id.* at 533.

In our review of the record in accordance with G. L. c. 278, § 33E, we have found no reason to order a new trial or to direct the entry of a verdict of a lesser degree of guilt.

*Judgment affirmed.*