COMMONWEALTH *vs.* JEAN MARIE GAGNON.

No. 93-P-93.

Hampden. February 3, 1994. - November 21, 1994.

Present: WARNER, C.J., BROWN, & DREBEN, JJ.

Further appellate review granted, 419 Mass. 1106 (1995).

*Practice, Criminal,* Instructions to jury, Presumptions and burden of proof, Reasonable doubt, Duplicative convictions, Sentence, Assistance of counsel. *Joint Enterprise. Homicide. Attempt. Assault with Intent to Murder. Malice. Intent. Constitutional Law,* Assistance of counsel.

At a criminal trial, the judge's instructions, considered as a whole, sufficiently apprised the jury of the Commonwealth's burden of proof on joint venture so as not to create a substantial risk of a miscarriage of justice. [628]

At the 1978 trial of indictments for assault with intent to murder and attempted murder, an erroneous jury instruction, which would have allowed the jury to have found malice without finding an intent to kill, created no substantial risk of a miscarriage of justice, where the issue of specific intent to kill was not actually contested. [628-629]

At a 1978 criminal trial, the judge's instructions on reasonable doubt adequately conveyed the appropriate standard of proof to the jury. [630-632]

A defendant convicted on an indictment charging armed assault with intent to murder and on an indictment arising from the same facts charging attempted murder was entitled to dismissal of the lesser offense as duplicative. [632-634]

A criminal defendant may, by way of a motion for new trial, challenge his convictions on duplicative offenses, and relief may be granted "at any time" if the defendant is so entitled; the defendant did not waive his rights by failing to have raised the issue on appeal. [633-634]

Where the verdict given in open court at a criminal trial was guilty of assault with intent to murder, the defendant's sentence for armed assault with intent to murder exceeded the lawful maximum and he was entitled to be resentenced; the defendant did not waive his rights by failing to raise the issue on appeal, and his challenge under Mass.R.Crim.P. 30 (a) was proper where the illegal sentence had not expired. [634-635]

No error appeared in a Superior Court judge's denial of a convicted defendant's motion for appointment of counsel to assist the defendant in pursuing his motion for a new trial, where the judge reasonably could have concluded, in the circumstances, that appointed counsel's assistance in framing the issues was not needed. [635-636]

No reason appeared, in a criminal case remanded for resentencing on one
indictment, to order resentencing on the other indictments on which the
defendant had received concurrent sentences. [636-637]

INDICTMENTS found and returned in the Superior Court on
September 16, 1977.

Motions for a new trial and release from unlawful confine-
ment and for appointment of counsel, filed on December 9,
1992, were considered by *Daniel A. Ford*, J.

*Wendy Sibbison* for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the
Commonwealth.

WARNER, C.J. On June 15, 1978, after a jury trial in the
Superior Court, Jean Marie Gagnon and two codefendants
were convicted on indictments charging armed robbery while
masked (G. L. c. 265, § 17), armed assault with intent to
murder (G. L. c. 265, § 18, as in effect prior to St. 1981,
c. 678, § 3), attempted murder (G. L. c. 274, § 6), assault
and battery with a dangerous weapon (G. L. c. 265, § 15A,
as in effect prior to St. 1981, c. 678, § 1), and assault and
battery on a police officer (G. L. c. 265, § 13D).[1]

All three defendants appealed. This court reversed their
convictions (*Commonwealth* v. *Gagnon*, 16 Mass. App. Ct.
110 [1983]), but on further appellate review the Supreme
Judicial Court found no reversible error and affirmed the
convictions. *Commonwealth* v. *Bourgeois*, 391 Mass. 869
(1984).

On December 9, 1992, Gagnon, acting pro se, filed two
motions — one seeking, alternatively, a release from unlaw-
ful confinement or a new trial, pursuant to Mass.R.Crim.P.
30(a) and 30(b), 378 Mass. 900 (1979), respectively, and the
other seeking appointment of counsel to assist Gagnon in
pursuing the rule 30 motion. Both motions were denied with-

---

[1]The crimes were committed in the course of a bank robbery; Gagnon
was indicted and convicted as a joint venturer, primarily on evidence that
he drove the getaway car. The facts are recited in greater detail in *Com-
monwealth* v. *Gagnon*, 16 Mass. App. Ct. 110 (1983), and *Commonwealth*
v. *Bourgeois*, 391 Mass. 869 (1984).

out a hearing (the trial judge having retired, the motions were acted upon by a second Superior Court judge). The defendant appeals from the denial of his motions.

We deal, first, with five issues raised by the defendant's motion below, second, with his contention that he should be permitted to raise new issues on appeal, and, third, with the propriety of resentencing on the convictions not successfully challenged.

1. *Joint venture instructions.* Gagnon claims that the jury instructions on joint venture, by repeated use of the terms "determine" and "decide" in reference to the jury's consideration of that issue in reaching their verdict, unconstitutionally shifted to the defendant the burden of persuading the jury that he was not a joint venturer. See *Connolly* v. *Commonwealth*, 377 Mass. 527, 535 (1979). Assuming, without deciding, that Gagnon did not waive the point by failing to object at trial and by not raising the burden-shifting argument in his direct appeals, *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973), the instructions in this case could not reasonably be read as placing the burden of proof upon the defendant. The charge as a whole sufficiently apprised the jury of the Commonwealth's burden of proof on joint venture so as not to create a substantial risk of a miscarriage of justice. The judge repeatedly instructed the jury that the Commonwealth bore the burden of proving beyond a reasonable doubt every essential element of the offenses, and every fact necessary to convict, which included the facts necessary to establish a joint venture. Compare *Commonwealth* v. *Shelley*, 411 Mass. 692, 694-698 (1992) ("finding" language cured by forceful instructions on the burden of proof).

2. *Attempted murder instructions.* The offenses of assault with intent to murder and attempted murder both require that the Commonwealth prove beyond a reasonable doubt the defendant's specific intent to kill, in addition to establishing malice aforethought. *Commonwealth* v. *Henson*, 394 Mass. 584, 590-592 (1985). *Commonwealth* v. *Maloney*, 399 Mass. 785, 788 (1987). See also *Commonwealth* v. *Ennis*, 398 Mass. 170, 173-175 (1986) (*Henson* applies retroactively).

Since the judge instructed on "third prong" malice — that is, the intentional use of force that creates a plain and strong likelihood of death — the jury could have found malice without finding an intent to kill. Gagnon's trial counsel did not request a proper instruction, did not object to the instruction given, and this issue was not raised on direct review. Because the *Henson* decision was announced after appellate review of Gagnon's conviction was complete, he argues that his failure to press the issue should be excused. This argument is foreclosed by *Ennis, supra*; in that case the Supreme Judicial Court reviewed a *Henson* claim arising from a pre-*Henson* trial only for a substantial risk of a miscarriage of justice. 398 Mass. at 176. See also *Commonwealth v. Cowie*, 28 Mass. App. Ct. 742, 744 (1990).[2]

Because the issue of specific intent to kill was not actively contested at trial, the erroneous instruction created no substantial risk of a miscarriage of justice. *Commonwealth v. Gabbidon*, 398 Mass. 1, 5 (1986). No one disputed that the bank robbers carried, among them, at least two handguns. Nor was it disputed that the robbers brought those weapons intending that, if necessary, they would be used to shoot persons resisting or pursuing the robbers. Instead, each of the defendants contested the issue of identity, arguing that he had not been one of the robbers. Compare *Gabbidon, supra*; *Commonwealth v. Shea*, 398 Mass. 264, 269-270 (1986). Given the undisputed evidence that one of the robbers aimed a handgun at Officer Petrick, at short range, and fired upon him, it is reasonable to expect that a properly instructed jury would have found a specific intent to kill. Compare *Shea, supra* at 270 (seriousness of wound "inconsistent with any intent other than an intent to kill"). Contrast *Commonwealth v. Fernette*, 398 Mass. 658, 672 (1986).

---

[2]The "clairvoyance exception," see *Commonwealth v. Stokes*, 374 Mass. 583, 588 (1978), does not apply because *Henson* did not announce a new rule of constitutional significance but only clarified the meaning of a criminal statute. Contrast *Commonwealth v. DeJoinville*, 381 Mass. 246, 248, 251 (1980); *Commonwealth v. Rembiszewski*, 391 Mass. 123, 126 (1984); *Commonwealth v. Limone*, 410 Mass. 364, 365-366 (1991).

3. *Reasonable doubt instructions.* The trial judge's instructions defined proof beyond a reasonable doubt as "proof to a moral certainty, rather than to an absolute or mathematical certainty"; something more than "the mere probability of guilt" but not "beyond all possible doubt." The instructions went on to quote from the charge reviewed in *Commonwealth* v. *Madeiros,* 255 Mass. 304, 307 (1926), to the effect that "[i]t is rarely, if ever, possible to find a case so clear that there cannot be a possiblity of innocence. If an unreasonable doubt or a mere possibility of innocence were sufficient to prevent a conviction, practically every criminal would be set free to prey upon the community, and such a rule would be wholly impractical and break down the forces of law and order and make the lawless supreme." Gagnon argues that these instructions impermissibly reduced the standard of proof required of the Commonwealth, violating his right under the Fourteenth Amendment to the United States Constitution to due process of law. See *In re Winship,* 397 U.S. 358, 364 (1970). He did not object to this portion of the charge at trial or on appellate review of his conviction. Even assuming, however, that the issues now raised are properly before us, we cannot conclude that the jury were misled as to the proper standard of proof.

As to the "moral certainty" language, Gagnon claims that it requires reversal under the decision in *Cage* v. *Louisiana,* 498 U.S. 39 (1990). Subsequent decisions of the Supreme Court (*Victor* v. *Nebraska,* 114 S. Ct. 1239 [1994]) and of the Supreme Judicial Court make it clear, however, that "the use of the words 'moral certainty,' as part of or in conjunction with the approved charge from *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850)," remains sound practice after *Cage. Commonwealth* v. *Beldotti,* 409 Mass. 553, 562 (1991). *Commonwealth* v. *Gagliardi,* 418 Mass. 562, 571-572 (1994).

The charge given at Gagnon's trial adequately conveyed the appropriate standard of proof, describing it as proof that creates "an abiding conviction to a moral certainty that the defendant is guilty," and "a clear and settled conviction of

guilt." See *Victor* v. *Nebraska*, 114 S. Ct. at 1247 (instruction "cast in terms of an abiding conviction as to guilt" would state proper standard); *Commonwealth* v. *Gagliardi*, 418 Mass. at 571-572. Furthermore, in the context of the charge as a whole, the term "moral certainty" could not reasonably have been understood to permit a conviction based on anything other than the evidence produced at trial. Indeed, the judge instructed the jurors that, "[i]n carrying out your duty, your only interest is to decide these indictments from the facts as you determine them *to have been proven beyond a reasonable doubt by the evidence produced during this trial*" (emphasis added). And, immediately prior to the challenged reasonable doubt instruction, he admonished the jurors to "convict only in case the evidence convinces [you] beyond a reasonable doubt that a defendant is guilty." Compare *Victor*, *supra* at 1248, 1251. The use of the phrase "moral certainty" did not render the instruction unconstitutional.

As to the language taken from *Madeiros*, 255 Mass. at 307, it has been clear at least since *Commonwealth* v. *Williams*, 378 Mass. 217, 233-235 (1979), that the use of this charge is disfavored. In *Williams*, however, the infirmity created by the one-sided warning about the consequences of applying too stringent a standard of proof was cured by adjoining the approved definition of reasonable doubt from *Webster*. *Id.* at 235. See also *Commonwealth* v. *Carballo*, 381 Mass. 227, 229 (1980); *Commonwealth* v. *Spann*, 383 Mass. 142, 150-151 (1981); *Commonwealth* v. *Tavares*, 385 Mass. 140, 147-148, cert. denied, 457 U.S. 1137 (1982).

As in *Tavares*, *supra*, the judge repeatedly instructed the jury that the Commonwealth had the burden of proving beyond a reasonable doubt each element of the crimes charged. He defined proof beyond a reasonable doubt as proof which creates "an abiding conviction" or "a clear and settled conviction" of the defendant's guilt, and contrasted reasonable doubt with a "whimsical or fanciful doubt" and with the doubt "of a juror who is earnestly seeking for a doubt or excuse to acquit." Compare *Commonwealth* v. *Seay*, 376

Mass. 735, 746 (1978). He further instructed the jurors that the Commonwealth must go beyond showing "the mere probability of guilt." Compare *Commonwealth v. Bembury*, 406 Mass. 552, 564 (1990). These instructions described the appropriate standard of proof with sufficient clarity to negate any risk that the *Madeiros* language caused the jury to accept something less.[3]

4. *Duplicative convictions.* A defendant may not be convicted of two criminal offenses based on the same act or acts unless each crime requires proof of an additional fact that the other does not. *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871). *Commonwealth v. Jones*, 382 Mass. 387, 393, 395 (1981). Gagnon was convicted, among other things, on indictments charging armed assault with intent to murder (no. 77-2669) and attempted murder (no. 77-2670). He was sentenced to fifteen to twenty years for the armed assault and to four and one-half to five years for attempted murder, those sentences to run concurrently. He correctly argues that these two crimes constitute the "same offense" under the *Morey* test, since attempted murder requires proof of no fact beyond those necessary to show an armed assault with intent to murder. See *Commonwealth v. Peaslee*, 177 Mass. 267, 271 (1901) (Holmes, C.J.) (armed assault is a sufficient overt act to support conviction for attempted murder); *Commonwealth v. Henson*, 394 Mass. at 590-591 (assault with

---

[3]Gagnon also argues for the first time on appeal that certain language following on the heels of the reasonable doubt instructions implied that he had the burden to come forward with evidence in his defense. The language urged the jury to "bear in mind that the sole number of witnesses called by one side or the other doesn't enter into this matter at all. It's the weight and value and strength of the testimony of the witnesses in inducing belief that is important." In the context of the charge as a whole, the challenged language explained to the jury precisely the correct rule — that their job, rather than tallying up the quantity of evidence produced by either side, was to examine what they *believed* after hearing all the evidence, and, in particular, whether they retained any reasonable doubt of the defendant's guilt.

intent to murder requires both intent to kill and malice aforethought).[4]

Gagnon did not object to the duplicative convictions at the time of his trial or sentencing. At that time, the law provided no remedy for duplicative convictions unless multiple punishments were imposed. See, e.g., *Commonwealth v. Tabor*, 376 Mass. 811, 825 (1978). The Supreme Judicial Court subsequently decided in *Commonwealth v. Jones*, 382 Mass. at 396-397, that a defendant is harmed by convictions themselves, apart from the punishment imposed, and held that multiple convictions for crimes that are the same in the *Morey* sense are invalid regardless of the sentences imposed. This court has applied *Jones* retroactively. E.g., *Commonwealth v. Atencio*, 12 Mass. App. Ct. 747, 752-753 (1981).

Gagnon's failure to object at the time of sentencing, or to press this claim on direct review, does not preclude relief through his motion for a new trial. A defendant convicted twice for the same crime is entitled to relief despite failing to preserve his appellate rights, and even if he does not raise the issue on appeal. *Commonwealth v. Stewart*, 375 Mass. 380, 393 (1978). *Commonwealth v. Sanchez*, 405 Mass. 369, 382 (1989). *Commonwealth v. DiMatteo*, 12 Mass. App. Ct. 547, 555 (1981). *Commonwealth v. Hamm*, 19 Mass. App. Ct. 72, 80-81 (1984). See also *Commonwealth v. Grasso*, 375 Mass. 138, 140 (1978). The Commonwealth, indeed, does not contend that this issue is waived but argues that, because Gagnon has already served more than the maximum five years of his attempted murder sentence, his challenge is not permitted by Mass.R.Crim.P. 30(a), which provides for challenge only of a sentence presently being served. This argument might have force were the defendant challenging the sentences imposed, rather than the convictions themselves. But the present challenge to his convictions, whatever its status under rule 30(a), is cognizable under rule 30(b), which

---

[4]Gagnon also asserts — also for the first time on appeal — that the general attempt statute, G. L. c. 274, § 6, cannot support a conviction for attempted murder. This argument is foreclosed by *Commonwealth v. Dixon*, 34 Mass. App. Ct. 653, 655 (1993).

permits a new trial to be ordered "at any time." While a sentence for the more serious crime of assault with intent to murder would be valid, the sentence for attempted murder must be vacated, the conviction reversed, and indictment 77-2670 dismissed as duplicative. See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 309 (1972); *Commonwealth* v. *Thomas*, 400 Mass. 676, 682 (1987), and cases cited.

5. *Erroneous sentencing on assault with intent to murder.* Although indictment 77-2669 charged Gagnon with *armed* assault with intent to murder, in violation of G. L. c. 265, § 18, as then existing, the caption on the indictment omitted the word "armed," and thus read "ASSAULT WITH IN-TENT TO MURDER 265-18." The judge properly instructed the jury on the crime of armed assault with intent to murder. However, when the jury returned to announce its verdicts, the colloquy printed in the margin ensued.[5] Gagnon was subsequently sentenced to a term of fifteen to twenty years for this offense, which would have been a permissible sentence for armed assault with intent to murder, under c. 265, § 18, as then in effect, but which exceeded the maximum sentence permitted on a conviction of assault with intent to murder, G. L. c. 265, § 15.

As the Commonwealth concedes, the facts of this case closely parallel those in *Commonwealth* v. *Harris*, 23 Mass. App. Ct. 687 (1987), which reaffirmed the rule that "[t]he only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury." *Id.* at 692, quoting from *Lawrence* v. *Stearns*, 11 Pick. 501, 502 (1831). Contrast *Commonwealth* v. *Andino*, 34 Mass. App. Ct. 423, 427 (1993). It follows that the offense of

---

[5]THE CLERK: "On Indictment No. 77-2[6]69, *charging Jean Marie Gagnon with assault with intent to murder,* is he guilty or not guilty?"
THE FOREMAN: *"Guilty as charged, sir."*
THE CLERK: "Mr. Foreman, ladies and gentlemen of the jury: You say that Jean Marie Gagnon is *guilty of assault with intent to murder.* So say you, Mr. Foreman; so say you all, ladies and gentlemen of the jury." (Emphasis added.)

which Gagnon was convicted was assault with intent to murder, and his sentence therefore exceeded the lawful maximum. As in *Harris*, this rule 30(a) challenge has not been waived by Gagnon's failure to object at sentencing or on direct review, since such a motion may be made at any time prior to the expiration of the illegal sentence. 23 Mass. App. Ct. at 691-692. The sentence imposed for armed assault with intent to murder must therefore be vacated, and the defendant resentenced in accordance with G. L. c. 265, § 15.

6. *Issues raised for the first time on appeal.* Gagnon argues that the motion judge wrongly denied his motion for appointment of counsel and that as a remedy for that error this court should entertain on appeal certain arguments not raised below. In the ordinary course, those issues would now be waived because of Gagnon's unexcused failure to present them in his first new trial motion. Mass.R.Crim.P. 30(c)(2), 378 Mass. 901 (1978). *Commonwealth v. Deeran*, 397 Mass. 136, 139 (1986). *Commonwealth v. Lowe*, 405 Mass. 1104, 1104-1105 (1989). An appellate court may, in certain extraordinary cases, consider arguments not properly presented. See, e.g., *Commonwealth v. Harrington*, 379 Mass. 446, 449-450 (1980). We need not decide whether the erroneous denial of a motion for appointment of counsel would create such a case because the denial of Gagnon's motion was not erroneous.

The motion judge has considerable discretion in deciding whether appointed counsel is needed to assist a defendant who has moved for postconviction relief. *Commonwealth v. Conceicao*, 388 Mass. 255, 262 (1983). Although the motion judge here was not the judge who presided at trial, the substantive grounds raised by the motion all related either to the trial judge's charge or to the court's sentencing jurisdiction, and therefore involved no factual issues.[6] Compare *ibid.*;

---

[6] The motion also asserted that Gagnon's trial and appellate counsel had been ineffective, but, with the following exception, the claimed ineffectiveness related only to the waiver of the five substantive issues. By way of a footnote, Gagnon suggests that his trial counsel's decision to comment, in closing argument, on Gagnon's decision not to testify constituted ineffective assistance. This strategic judgment that explanation would improve

*Commonwealth* v. *Lynes*, 13 Mass. App. Ct. 1028 (1982). The arguments were clearly presented in the motion and were not legally complex. The judge could reasonably have concluded that appointed counsel's assistance in framing the issues was not needed. Contrast *United States* v. *Barnes*, 662 F.2d 777, 780 (D.C.Cir. 1980). In the circumstances, the decision not to appoint counsel did not deny Gagnon meaningful access to the court.

7. *Resentencing.* Gagnon was sentenced to thirty-nine to fifty-four years for the armed robbery, fifteen to twenty years for armed assault with intent to murder, four and one-half to five years for attempted murder, and seven and one-half to nine years for assault with a dangerous weapon, all to run concurrently. The conviction for assault and battery on a police officer was placed on file with Gagnon's consent. The Appellate Division of the Superior Court subsequently reduced Gagnon's sentence on the armed robbery conviction to a term of twenty-five to thirty-five years.

Arguing that the trial judge incorporated punishment for the attempted murder and armed assault convictions into the long sentence that he imposed for armed robbery, Gagnon asks that we order resentencing on all of the remaining, legal convictions. He bases his inference that the punishments were so "incorporated" solely on the length of the armed robbery sentence (thirty-nine to fifty-four years, as it was originally imposed) and the fact that the other sentences were made to run concurrently with it.

"Although 'it is not a function of this court to review an otherwise lawful sentence which is within the limits of the applicable statutory provisions,' . . . sentences based upon erroneous or impermissible considerations have been vacated" (citation omitted). *Commonwealth* v. *Repoza*, 28 Mass. App. Ct. 321, 330 (1990). However, in only one reported case have we vacated an otherwise valid sentence on the ground that it ran concurrently with the sentence on an

---

the defendant's position was not "manifestly unreasonable" in the circumstances, and so was not ineffective assistance. *Commonwealth* v. *White*, 409 Mass. 266, 273 (1991).

invalid conviction. In *Commonwealth* v. *Ruggerio*, 32 Mass. App. Ct. 964 (1992), we found the defendant's convictions for possession of cocaine with intent to distribute and distribution of cocaine to be duplicative. After reversing the conviction for possession with intent to distribute, we noted that the judge's comments at sentencing suggested that he might have based the length of the concurrent sentence for distribution in part on "the fact that the defendant was convicted on *two* indictments" (emphasis original). *Id.* at 966. In those circumstances, we were compelled to vacate the sentence for distribution and to remand for resentencing on that conviction. Compare *Commonwealth* v. *Morgan*, 30 Mass. App. Ct. 685, 695-696 (1991) (resentencing where single general sentence had been imposed as punishment for multiple convictions, one of which was determined on appeal to be invalid).

The judge imposed different terms of years on each of the convictions. His comments at sentencing reveal that his consideration was directed to the underlying facts of the offenses rather than the technical alignment of the indictments. Resentencing is not required solely on the basis that the sentences were concurrent. See *Commonwealth* v. *Sherry*, 386 Mass. 682, 700 & n.10 (1982).

8. *Conclusion.* The sentences imposed on indictments 77-2669 (armed assault with intent to murder) and 77-2670 (attempted murder) are vacated, and the judgment of conviction on number 77-2670 is reversed. The case is remanded to the Superior Court, where indictment 77-2670 is to be dismissed as duplicative, and the docket entries for indictment 77-2669 are to be revised to reflect the verdict of guilty of simple assault with intent to murder, G. L. c. 265, § 15. The defendant is to be resentenced on the latter conviction, and any term of imprisonment imposed shall run concurrently with the sentence on indictment 77-2666 (armed robbery

while masked), with credit for time served. As to the other charges, the order denying the motion for postconviction relief is affirmed.

*So ordered.*