NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-48

COMMONWEALTH

vs.

JADEN REYNOSO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Jaden Reynoso filed a petition pursuant to G. L. c. 276, § 100K, seeking expungement of his criminal record stemming from his arrest and charges of strangulation or suffocation and assault and battery on a family or household member. The petition was denied by a judge of the District Court. On appeal, Reynoso argues that expungement was warranted because he sufficiently demonstrated that the record in the case was created as the result of demonstrable errors by a civilian witness. See G. L. c. 276, § 100K (a) (4). He also claims that expungement was in the best interests of justice. See G. L. c. 276, § 100K (b). Lastly, he argues that the judge erred by

not holding a hearing on his petition or making findings of fact.  We affirm.

Background.  We summarize the facts set forth in the police report which Reynoso submitted with his petition.  On the evening of April 19, 2022, Lynn police officers responded to a 911 call placed by Reynoso.  When the police arrived, Reynoso told them that he had an argument with his then girlfriend, whom we shall call Jane Doe (Doe), who wanted him to leave the apartment.  Reynoso refused to leave without his belongings and his daughter, who was in the apartment.  The argument quickly escalated.  According to Reynoso, Doe scratched his face, and he grabbed her hands to protect himself.  At some point, Doe called the father of her children for help in removing Reynoso from the apartment.  He arrived with a man named Javi, who told Reynoso to leave the apartment, and then punched him in the face.  The police observed some dried blood on Reynoso's cheek.  The police then spoke with Doe who provided a different version of events.  Doe explained that she broke up with Reynoso earlier that day and they had gotten into an argument when he refused to leave her apartment.  She reported that Reynoso "with both hands, applied substantial pressure around her neck, pushing her onto the couch.  He was on top of her, strangling her to the point that she couldn't breathe.  [She] scratched [Reynoso's] face to get him off of her."  The officers observed visible red marks

2

and bruising around Doe's neck and concluded that Reynoso was the "dominant aggressor." Reynoso was arrested and subsequently charged as described above.

The case was scheduled for trial on February 27, 2023. The Commonwealth was not ready to proceed that day because Doe failed to appear. The case was then dismissed for failure to prosecute.

Approximately seven months later, Reynoso filed the petition which is the subject of this appeal. He claimed that the charges stemmed from "civilian errors" and "fraud perpetrated on the court by the complaining witness (Doe)."[1] In support of his motion, Reynoso submitted an affidavit from Doe in which she recanted her statement to the police. The judge denied the petition to expunge without a hearing, finding that the allegation of civilian error was not supported by clear and convincing evidence and that expungement was not in the best interests of justice.

Discussion. A judge may order the expungement of a criminal record if the judge finds, based on clear and convincing evidence, that the record was created because of "demonstrable errors by civilian . . . witnesses." G. L. c. 276, § 100K (a) (4). Upon determining that the criminal

---

[1] Reynoso has not pursued his claim that his criminal record was created as a result of fraud on appeal.

3

record was created because of such error, the judge may then consider whether expungement is "in the best interests of justice." G. L. c. 276, § 100K (b). We review the judge's order for an abuse of discretion. Commonwealth v. K.W., 490 Mass. 619, 624 (2022).

Reynoso claims that the judge abused her discretion in denying his petition because Doe's affidavit constituted clear and convincing evidence of demonstrable error. We are not persuaded. To begin with, the judge was not required to credit the affidavit. Commonwealth v. Leate, 361 Mass. 347, 349-350 (1972) (judge not obligated to credit affidavit of recanting witness). Second, and more importantly, the affidavit contradicts the observations of the police officers at the scene. The officers noted that Doe had visible red marks and bruising on her neck. These injuries supported Doe's initial statement that Reynoso had strangled her. Furthermore, Doe's affidavit did not provide an alternative explanation for those injuries. Given these circumstances, we cannot conclude that the judge abused her discretion in determining that Reynoso had failed to meet his burden of proving his criminal record was created because of an error by a civilian witness. In light of our conclusion, we need not address the question whether expungement was in the best interest of justice. See Matter of Expungement, 489 Mass. 67, 68 (2022).

4

Finally, Reynoso maintains that the judge erred by denying his petition without a hearing and without issuing a memorandum and order explaining her decision.  We do not understand the law to require a hearing or written findings where, as here, a judge denies a petition to expunge pursuant to G. L. c. 276, § 100K (a).  See K.W., 490 Mass. at 632-633.

Order denying petition for
  expungement affirmed.

By the Court (Vuono, Singh &
  Hershfang, JJ.[2]),

Clerk

Entered:  February 13, 2025.

---

[2] The panelists are listed in order of seniority.